IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA. | § |
| | § |
| v. | § |
| | § |
| JESSICA RIVAS ALVA | §   Crim. Action No. 5:15-CR-0470-XR |
| | § |
| *Defendant*. | § |

## ORDER

On this date, the Court considered Defendant's motion to dismiss indictment (docket no. 41).

## Background

On October 16, 2014, an Agreed Final Judgment and Permanent Injunction was signed by state Judge Michael E. Mery in cause number 2013-CI-17483, in the 225th Judicial District Court of Bexar County, Texas. In that document Jessica Rivas Alva agreed to cease business operations of all immigration, legal and notarial services in the State of Texas. In that document the state Court enjoined the Defendant from soliciting, advertising, or carrying on any immigration-related services. The Defendant was further enjoined from accessing any immigration detention facility for two years, unless she was under the employ and accompanied by an attorney authorized to practice law in the state. A judgment was entered ordering her and her co-defendants to pay civil penalties in the amount of $1 million, which was reduced to $15,000, contingent upon her compliance with the terms of the injunction. She was further ordered to pay restitution to various victims and attorney's fees to the State of Texas Attorney General's Office.

In June of 2015, the Texas Attorney General's Office filed a First Amended Motion for Contempt against the Defendant in cause number 2013-CI-17483. In that motion the State argued that Alva violated the terms of the Injunction. The motion alleged that in April 2015, Alva misrepresented that she worked for an attorney, faxed documents to an immigration detention facility claiming the law office represented certain detainees, and submitted certain identification information of an attorney that she used to work for in order to obtain permission to enter the detention facility. Alva thereafter entered the detention facility, unaccompanied by any attorney, allegedly in violation of the Injunction. The motion thereafter details alleged actions undertaken by Alva fraudulently misrepresenting that attorney-client relationships existed between other lawyers and other detainees.

On July 8, 2015, the Defendant was charged in a federal indictment with wire fraud, in violation of 18 U.S.C. § 1343 and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). The indictment alleges that the Defendant was not licensed to practice law, and that from October 1, 2014 thru July 2015, she aided and abetted various individuals in the defrauding of undocumented immigration detainees. Specifically, counts one through three of the indictment allege that in April of 2015, she sent letters to the South Louisiana Correctional Center representing that she worked for an attorney, the attorney represented certain detained illegal aliens, and those representations were false. Counts 4 and 5 allege that she unlawfully used the Texas state bar numbers of certain attorneys in relation to the counts of wire fraud.

On August 10 and 11, 2015, the state court (Judge Peter Sakai presiding) heard the amended motion for contempt. Attorneys Anthony Cantrell, Ray Lopez, and Johnny Rodriguez testified in that hearing that the Defendant falsely misrepresented that their respective law offices represented certain detainees, the Defendant used false misrepresentations to enter the detention

facilities, the Defendant faxed certain documents to immigration and/or detention authorities, and the Defendant used their names or State Bar numbers to gain access to the facilities. The Defendant invoked her Fifth Amendment right not to testify.[1]

On August 14, 2015, the state judge entered an order granting the State's motion for contempt. The court found that Alva violated various provisions of the October 2014 Agreed Final Judgment and Permanent Injunction. The state court adjudged that Alva "is in 'Criminal and Civil' CONTEMPT OF COURT" for the violations. She was punished for such contempt by confinement in the county jail of Bexar County for eighteen (18) months beginning on August 11, 2015. She was also ordered to pay $1,500 for her violations of the Injunction. The Court further ordered her to pay $997,499.85 in civil penalties, and to pay $5,450 in restitution.

On December 17, 2015, the Government filed a Superseding Indictment adding Eric Jon Alva as a co-defendant and a conspiracy to commit wire fraud count.

## Motion to Dismiss

Defendant argues that she has already been criminally punished for her offense through the criminal contempt proceedings described above. She argues that prosecution in this case violates the Double Jeopardy Clause.

Alternatively, Alva argues that the Texas Attorney General's Office "manipulated" the federal government into prosecuting her, and that the "sham prosecution" exception applies such that the federal government may not prosecute its own interests. Alva concedes that the "dual sovereignty doctrine" allows for successive prosecutions by two sovereigns for the same conduct

---

[1] Defendant's Exhibit 1 to hearing held December 17, 2015.

and the two prosecutions are not barred by the Double Jeopardy Clause.  *See Heath v. Alabama*, 474 U.S. 82, 88 (1985).

The Government argues that in this case Alva was found in contempt and the elements of that offense are found in Tex. Gov't Code section 21.002, and that those elements are not identical or similar to the elements of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371, 1343, wire fraud, or aggravated identity theft.  Accordingly, the Government argues the double jeopardy bar does not apply.  The Government also argues that Defendant's argument that the Texas Attorney General's office manipulated the U.S. Attorney's Office into prosecuting the Defendant is baseless and merely conclusory statements and speculation that lack any evidentiary foundation to establish the "sham prosecution" exception.

## Analysis

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5.  *See also United States v. Dixon*, 509 U.S. 688, 695-96 (1993).  "In both the multiple punishment and multiple prosecution contexts, [the Supreme Court] has concluded that where the two offenses for which the defendant is punished or tried cannot survive the 'same-elements' test, the double jeopardy bar applies."  *Id*. at 696.  "The same-elements test, sometimes referred to as the '*Blockburger*' test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *Dixon*, 509 U.S. at 696.

Defendant argues that the offenses of wire fraud and aggravated identity theft are completely included in her state criminal contempt prosecution, and that this federal prosecution

is therefore barred on double jeopardy grounds. This Court disagrees with Defendant's argument. Under *Dixon*, the fact that the government will attempt to prove that Alva committed wire fraud and aggravated identity theft by referring to the same <u>conduct</u> used to prove the elements of the contempt charge does not offend the Double Jeopardy Clause. "The same actions can constitute an offense under two distinct statutes and can be prosecuted separately under each statute as long as the statutes do not define a single offense within the meaning of *Blockburger*." *United States v. Colon-Osorio*, 10 F.3d 41, 46 (1st Cir. 1993). *See also United States v. Hatchett*, 245 F.3d 625, 631 (7th Cir. 2001) ("*Dixon* informs us that in deciding whether two offenses are the same or not, our inquiry must focus on the elements of each of the charged offenses rather than the underlying conduct.").

In Texas, a "criminal contempt conviction for disobedience to a court order requires proof beyond a reasonable doubt of: (1) a reasonably specific order; (2) a violation of the order; and (3) the willful intent to violate the order." *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995).

"The elements of wire fraud, as set out in 18 U.S.C. § 1343, are: (1) a scheme to defraud, (2) the use of wire communications, and (3) a specific intent to defraud." *United States v. Deason*, No. 14-10461, 2015 WL 4709584, at *2 (5th Cir. Aug. 7, 2015). "Aggravated identify theft, 18 U.S.C. § 1028A, occurs when the defendant (1) knowingly used (2) the "means of identification" of another person (3) without lawful authority (4) during and in relation to a violation of wire fraud." *United States v. Essien*, 530 F. App'x 291, 300 (5th Cir.), *cert. denied*, 134 S. Ct. 456, 187 L. Ed. 2d 305 (2013).

Applying the same elements test that is required under *Blockburger*/*Dixon* establishes that the elements are not identical or similar.[2]

Assuming that the "sham" exception exists, the Fifth Circuit has stated that the "key … is whether the separate sovereigns have made independent decisions to prosecute, or whether, instead, 'one sovereign has essentially manipulated another sovereign into prosecuting,' *United States v. G.P.S. Auto. Corp.*, 66 F.3d 483, 495 (2d Cir. 1995), or the state and federal prosecutor are the same person, *United States v. Belcher*, 762 F. Supp. 666, 671 (W.D. Va. 1991). The facts of *Bartkus* demonstrate that the degree of cooperation between federal and state authorities cannot, by itself, constitute a sham prosecution." *United States v. Angleton*, 314 F.3d 767, 774 (5th Cir. 2002).

The Fifth Circuit has further stated that an essential element "is a high level of control: one sovereign must (1) have the ability to control the prosecution of the other and (2) it must exert this control to "essentially manipulate[ ] another sovereign into prosecuting." *United States v. Moore*, 370 F. App'x 559, 561 (5th Cir. 2010) (citing *Angleton*). Defendant in this case must establish a prima facie case that the federal government is a mere tool of Texas. *See Moore*, 370 F. App'x at 561. Defendant makes no such showing.

---

[2] *See United States v. Mescall*, No. 14-4881, 2015 WL 8598573, at *1 (4th Cir. Dec. 14, 2015) ("Here, application of the *Blockburger* test compels the conclusion that there was no double jeopardy violation. Criminal contempt has as an element the willful violation of a court order, while the other offenses do not. Additionally, wire fraud contains an element - use of a wire communication, that criminal contempt does not; securities fraud contains an element - engaging in fraud in connection with the purchase or sale of a security, that criminal contempt does not; and money laundering contains an element - a financial transaction designed to conceal proceeds of an unlawful activity, - that criminal contempt does not. We conclude that there was no double jeopardy violation.") (internal citations omitted). *See also Ex parte Reese*, 23 S.W.3d 54, 58 (Tex. App. 2000)("We find that Reese's conduct punished under the contempt order and his conduct alleged in the stalking indictment do not constitute the same offense under the *Blockburger* test. Thus, we hold that Reese's conviction for contempt does not bar subsequent prosecution of the stalking charge on double jeopardy grounds.").

## Conclusion

Defendant's motion to dismiss the original and superseding indictments is denied.

It is so ORDERED.

SIGNED this 22nd day of December, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE